## Mulligan v. Homestead Borough, Appellant.

*Negligence — Boroughs — Dangerous sidewalks — Barbed wire fence—Infants—Contributory negligence—Case for jury.*

1. The measure of a child's responsibility for his own injuries in an accident caused by negligence is his capacity to see and appreciate danger, and while the measure varies with each addi-

tional year, the standard is the average capacity of others of his age and intelligence.

2. In an action against a borough to recover damages for personal injuries sustained by the plaintiff, a girl eleven and a half years old, as the result of coming in contact with the loose ends of a barbed wire fence extending over a narrow sidewalk upon which plaintiff was walking in the dusk of evening, where the negligence of the defendant was admitted, but it was contended that plaintiff was guilty of contributory negligence in using such sidewalk, when a safe and convenient way on another street was opened to her, the court did not err in submitting the case to the jury under an instruction to the effect that the child should be held only to the degree of care that was ordinarily to be expected of a child of her age.

Argued Oct. 29, 1913. Appeal, No. 240, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., Nov. T., 1911, No. 149, on verdict for plaintiffs in case of Eleanor Mulligan, a minor, by her father and next friend, Thomas F. Mulligan, and Thomas F. Mulligan v. Borough of Homestead. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SHAFER, J.

The facts appear by the opinion of the Supreme Court.

Verdict for Eleanor Mulligan for $9,600 and for Thomas F. Mulligan for $400. The court entered judgment for defendant n. o. v. as against Thomas F. Mulligan and entered judgment on the verdict in favor of Eleanor Mulligan. Defendant appealed.

*Error assigned,* among others, was in refusing to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*Thomas F. Garrahan,* with him *Harry E. McWhinney,* for appellant.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellee.

PER CURIAM, January 5, 1914:

The negligence of the defendant in permitting, for many months, the loose ends of a barbed wire fence to extend over a narrow sidewalk of a borough street was not denied at the trial. The main ground of defense was that the plaintiffs were negligent in walking on the sidewalk in the dusk of the evening, with knowledge of the condition of the fence, when a safe and convenient way on another street was open to them. The learned trial judge found that this defense was sustained as to Thomas Mulligan, the father, who had used the street daily, and entered judgment against him non obstante veredicto. His daughter, the other plaintiff, who suffered the entire destruction of an eye by coming into contact with the wire was eleven years and six months of age. The instruction as to her was that she should be held to only the degree of care that was ordinarily to be expected of a child of her age. This instruction was clearly right. The measure of a child's responsibility in his capacity to see and appreciate danger and while the measure varies with each additional year, the standard is the average capacity of others of his age and intelligence: Kehler v. Schwenk, 144 Pa. 348. We find no merit in the assignments of error.

The judgment is affirmed.